**EASTERN DIST.**
*February, 1838.*

M'RAE'S ADM'X.
*vs.*
M'RAE.

---

M'RAE'S ADMINISTRATRIX *vs.* M'RAE.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT FOR THE PARISH OF EAST FELICIANA, THE JUDGE THEREOF PRESIDING.

An administrator appointed in another state, cannot sue or administer on the estate of the deceased, in this state, without being first authorized to do so by one of our Courts of Probates.

Where a party sues, as administratrix, and amends her petition so as to claim in her own right, the amendment will be rejected, as changing the nature of the action.

This is an action in which the plaintiff sues, as administratrix of her deceased husband, to recover certain property,

EASTERN DIST. consisting of lands, slaves, and stock, which she alleges the
February, 1838. defendant holds under a simulated sale from her late husband.

M'RAE'S ADM'X.         The defendant denied that the plaintiff was administratrix
vs.
M'RAE. of her late husband's estate, and that she had no right to sue
in that capacity.

The defendant pleaded a general denial, and prayed to be
dismissed.

Before trial, the plaintiff offered an amended or supple-
mental petition, claiming one-half of the property described
in her petition, in her right, as belonging to the community
existing between her and her late husband. She renews her
allegation of a simulated sale made to the defendant, without
any valuable consideration, and in fraud of her rights.

The filing this petition was opposed by the defendant's
counsel, and refused by the court, and a bill of exceptions
was taken.

The plaintiff exhibited letters of administration, granted to
her in the state of Arkansas, which were never recognized;
and none were ever granted by the Probate Courts of this
state.

The exceptions to her capacity to sue, were sustained, and
the suit was dismissed; and she appealed.

*Muse*, for the appellant.

*T. L.* and *S. P. Andrews*, contra.

*Martin, J.*, delivered the opinion of the court.

The plaintiff is appellant from a judgment which dismisses
her petition. She sued as administratrix of her husband's
estate, on which she obtained letters of administration in the
Probate Court of the state of Arkansas.

The defendant, by an exception, denies her right to sue in
this state; she thereupon obtained leave, and filed an
amended or supplemental petition, in which she claimed
one-half of the property of the estate in the hands of the
defendant, in her own right, as part of the community
which had existed between her husband and herself. The

defendant opposed the filing of this petition, and his opposition was sustained; the court being of opinion that the petition was offered too late; *i. e.*, after the defendant had filed his exception, and the cause had been set down for trial.

The first exception of the defendant was sustained, and the petition dismissed. It is clear, the District Court did not err; the plaintiff could not administer the estate of her husband in this state, without being authorized so to do by one of our Courts of Probates.

The amended petition, admitting that it was offered in due time, ought to have been rejected, because it totally changed the nature of the action, altering the substance of the demand, by making it different from the one originally brought. *Code of Practice*, 419.

The original petition was the demand of the administratrix of M'Rae, of the estate of the deceased, for the benefit of his creditors and heirs. The amendment converted it into a demand by M'Rae's widow, for the one-half of his succession, to which she was entitled, as her share in the community. Indeed, the amendment was introductory of a new action, for it substituted a new plaintiff to the former one.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Eastern Dist.*
*February, 1838.*

An administrator appointed in another state, cannot sue or administer on the estate of the deceased, in this state, without being first authorized to do so by one of our Courts of Probates.

Where a party sues as administratrix, and amends her petition so as to claim in her own right, the amendment will be rejected, as changing the nature of the action.